BRYAN *v.* FRACTIONAL SCHOOL DISTRICT NO. 1 OF SHELBY AND STERLING TOWNSHIPS.[1]

1. SCHOOLS AND SCHOOL DISTRICTS — TEACHER'S CERTIFICATE — VALIDITY—PAROL EVIDENCE.

A teacher's certificate issued by the county board of school examiners may be impeached by evidence that it was changed by one who was secretary of the board when it was issued, after his retirement from office and removal from the county, so as to add one year to its term; and this even though the statute (Act No. 147, Pub. Acts 1891, § 6) provides that a certificate of the grade of that in question shall be good for the extended period.

2. SAME.

Whether such a certificate, valid on its face, can be shown to have been issued without such a previous examination as the law requires,—*quære*

3. SAME—VALIDITY OF CONTRACT.

Under 2 How. Stat. § 5065, providing that no contract to teach school entered into with any person not holding a legal certificate of qualification then authorizing him to teach shall be valid, a contract so made cannot constitute the basis of a recovery by such person in the event of his discharge before the expiration of the period for which he was employed.

Error to Macomb; Vance, J., presiding.   Submitted November 10, 1896.   Decided December 4, 1896.

———————

[1] Rehearing denied January 12, 1897.

*Assumpsit* by Will R. Bryan against fractional school district No. 1 of the townships of Shelby and Sterling to recover salary as teacher. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Frank P. Monfort* (*Henry M. Cheever*, of counsel), for appellant.

*Canfield & Spier*, for appellee.

Montgomery, J. Plaintiff sued to recover his salary as a teacher, under a written contract made with the district board of the defendant district, by which he engaged to teach for a term of 10 months, commencing September 3, 1894, at a salary of $80 per month. Plaintiff taught 7 months under this contract, and was paid his salary for this time. He was then discharged, and, after awaiting the expiration of the 10 months, he brought this suit to recover the salary for the remaining 3 months. Among the defenses urged by defendant was one that plaintiff was not a qualified teacher in Macomb county. The plaintiff opened up this subject in his main case, and, at the conclusion of his testimony, without requiring the defendant to enter upon its other claimed defenses, the learned circuit judge directed a verdict for the defendant.

The undisputed testimony showed that plaintiff had no teacher's certificate issued by the commissioner of schools of Macomb county, but it appeared that, prior to August 2, 1888, plaintiff was examined by the county board of school examiners of Lenawee county, and was granted a second-grade certificate, good for two years, and expiring August 2, 1890. It appeared that, after this, he submitted to no public examination, as required by law, but that, on the 6th of August, 1891, he applied to the several members of the board of school examiners of Lenawee county, and received what was called a "first-grade certificate," which, on its face, certified that he (plaintiff)

was deemed qualified to teach in any school district in the State for three years from date.    It also appeared that at no time had the plaintiff taken an examination upon all the subjects as to which an examination was required to entitle an applicant to a first-grade certificate.    It appeared that, subsequently, this certificate, issued August 6, 1891, was sent to E. A. Wilson, who, at the date of its issue, was secretary of the board of examiners of Lenawee county, but had, in the meantime, retired from office and removed from the county, and was so changed by him as to make it expire four years from its date, instead of three, as it was first written.    The certificate, as thus changed, was filed with] the school commissioner of Macomb county.

Numerous questions are discussed in the brief of appellant, which we deem it unnecessary to consider at length, for the case must turn upon two questions: *First,* whether the plaintiff had a valid certificate, in force during the term covered by the contract with the district; and, *second,* if it be determined that he had not, whether this is a defense to his action for damages.    We have no hesitancy in saying that the certificate actually filed with the commissioner of schools of Macomb county was invalid.    It was made to cover the period fixed by this contract by an unauthorized change made by the former secretary of Lenawee county after retiring from his office.    Not only is this true, but, when it is suggested that the term for which the board was authorized to grant a first-grade certificate, under the law in force in 1891, was four years, the answer is that the board did not, in fact, grant a certificate for that period, and, when it is attempted to amend the certificate, it transpires that no such examination was had as justified the issue of a certificate at all. *People* v. *Howlett,* 94 Mich. 165.    We need not determine the question whether, if the certificate had been in form for four years, it would have been competent to impeach the document by showing that there had been no such public examination as the law requires.    It is

enough, for the purposes of this case, to say that a purported certificate can be shown to have been signed by one not in office, under circumstances where, if there was an absence of good faith, the transaction would amount to a forgery. In saying this, we do not wish to reflect upon Mr. Wilson, the secretary who signed the certificate, as we have no doubt that he may have acted in perfect good faith, although without authority.

2 How. Stat. § 5065, provides that no contract with any person not holding a legal certificate of qualification then authorizing such person to teach shall be valid. The question here presented is not at all analogous to that before the court in *Crane* v. *School District*, 61 Mich. 299, or in *Holloway* v. *School District*, 62 Mich. 153, where the question related to the informality in the execution of the contract. But the alleged contract in this case was, under the facts as they existed, prohibited by law, and cannot be made the basis of a recovery. See *Goose River Bank* v. *Willow Lake School Tp.*, 1 N. Dak. 26; *Hosmer* v. *School District*, 4 N. Dak. 197.

The judgment will be affirmed.

The other Justices concurred.