118   469
f134   236

O'LEARY *v.* SCHOOL DISTRICT NO. 4 OF BRIDGEPORT TOWNSHIP.

SCHOOLS—TEACHER'S CONTRACT—EXPIRATION OF CERTIFICATE.

A school board's contract with a teacher to employ her for the fall term, and to give her a contract for five months longer if she gives satisfaction, will not bind the district to re-employ the teacher, though her fall's work prove satisfactory, if her certificate, without which under the school law no one is authorized to teach, has less than five months to run.

Error to Saginaw; Snow, J. Submitted October 6, 1898. Decided November 9, 1898.

*Assumpsit* by Hannah O'Leary against school district No. 4 of Bridgeport township, upon a teacher's contract. From a judgment for plaintiff, defendant brings error. Reversed.

*Harris & Kendrick*, for appellant.

*Fred H. Allen*, for appellee.

LONG, J. Plaintiff entered into a written contract with the defendant to teach the school of the district. The contract is as follows:

"It is hereby agreed by and between school district No. 4 in the township of Bridgeport, county of Saginaw, State of Michigan, and Miss Hannah O'Leary, a legally qualified teacher, that said teacher is to teach, govern, and conduct the pupils of the public school of said district to the best of her ability; keep a register of the daily attendance and studies of each pupil belonging to the school, and such other records as the district board may require; · make the report required by law; and endeavor to preserve in good condition and order the school-house, grounds, furniture, apparatus, and such other district property as may come under the immediate supervision of said teacher,—for a term of three school months, com-

mencing on the 21st day of September, A. D. 1896, for
the sum of twenty-six dollars per school month, to be paid
at the end of each month; and the said school district
hereby agrees to give her a contract for the remaining
five months of the school year if she gives satisfaction;
and the said school district hereby agrees to keep the
school-house in repair, to provide the necessary fuel and
school register, and for the services of said teacher as pre-
scribed above, well and duly performed, to pay said
teacher the sum of twenty-six dollars per school month, at
the end of each month, during a term of three months,
commencing on the 21st day of September, 1896: *Pro-
vided*, that in case said teacher shall be legally dismissed
from school, or shall have her certificate legally annulled
by expiration or otherwise, then said teacher shall not be
entitled to compensation from and after such dismissal or
annullment: *Provided, further*, that the wages of said
teacher for the last month of the school term shall not be
paid unless said teacher shall have made the report for the
school term as required by law."

At the time this contract was made, plaintiff held
a third-grade certificate from the board of school exam-
iners, which expired on March 28, 1897. She taught the
school for the three months commencing September 21,
1896. At the end of that time the board hired another
teacher, and advised plaintiff that her services were no
longer required. This action was brought to recover
what the plaintiff claims is her due under the contract.
On the trial the court directed the jury that the contract
was for eight months, and, if the board acted in bad faith
in discharging her, she might recover for such part of the
additional five months as would terminate on March 28,
1897, her certificate expiring at that time, and that she
could not recover for services after that time. The jury
found a verdict in her favor, and defendant brings error.

The court was in error in construing the contract as one
for eight months. The most that can be said of it is that
it was a contract for three months, with an agreement that
at the end of that time the board would "give her a con-
tract for the remaining five months of the school year if
she gives satisfaction." At the end of the three months

she was not a legally qualified teacher for the full five months thereafter, as her certificate extended only about three months thereafter.    The school law provides that:

"No person shall be considered a qualified teacher within the meaning of this act, nor shall any school officer employ or contract with any person to teach in any of the public schools under the provisions of this act, who has not a certificate in force, granted by the board of school examiners or other lawful authority."    Act No. 147, Pub. Acts 1891, § 5, as amended by Act No. 34, Pub. Acts 1893, and Act No. 66, Pub. Acts 1895.

It appeared upon the trial that the board refused to enter into the five-months contract for the reason that the plaintiff had no certificate to teach that length of time. It is therefore evident that she was in no position to compel such action, and the court was in error in leaving the question of the motive of the board in discharging plaintiff to the jury.    She had no contract for the five months, and was in no position to make one for that length of time. When the court directed the jury that she might recover for that part of the five months ending March 28, 1897, he was making a new contract between the parties; that is, a contract for three months instead of five.    There was nothing in the case which warranted this.    If the board was bound at all, it was to enter into a contract for five months.    The plaintiff could not make such a contract, as she did not possess the necessary qualification therefor. The board was therefore released from any obligations under this contract, even though it could have been enforced if the plaintiff had been qualified to make it,—a point which it is not necessary to determine here.

The judgment below must be set aside.    No new trial will be awarded.

The other Justices concurred.