59 NEW YORK SUPPLEMENT                           (Sup. Ct.
and 93 New York State Reporter.

and of a gold pen and pencil case, it left unimpaired the force of that decision in so far as it permitted a recovery for the watch.

There is an unguarded expression in one case in the court of appeals (Rosenplaenter v. Roessle, 54 N. Y. 262) that has cast a shade of doubt upon the otherwise uniformly recognized rule. Earl, C., therein writes:

"The law is thus settled in this state that if a guest, on retiring to bed at night, removes a watch or jewelry from his person, or leaves money in his pocket, and neglects to deposit the same in a safe provided for that purpose, he cannot hold the landlord liable for the loss of the same, provided the notice required by the statute has been posted in his room. However inconvenient or troublesome it may be to make the deposit, it must be made, or else the landlord has the protection of the statute."

Barring the use of the word "watch," that language accurately announces the approved law of the other cases. It is to be noted that there was no watch involved in the litigation, and that the case of Ramaley v. Leland, supra, in which the question was directly passed upon, was apparently overlooked. We therefore follow Becker v. Warner, supra, in which, referring to the learned commissioner's language, it is said that, "in so far as the foregoing statement includes a watch, it was evidently an inadvertence on the part of the learned judge, or at least obiter."

An examination of the authorities of other states will show that the responsibility of the landlord for a lost watch is dependent strictly on the terms of the particular statute. Thus, under the Wisconsin law, supra, it was held that no liability attached (Stewart v. Parsons, 24 Wis. 241), while under the narrower terminology of the Maryland act, supra, the contrary rule prevailed. Maltby v. Chapman, 25 Md. 310.

In the case at bar, the mere fact that the coat of arms of Virginia was engraved on the watch, and that the picture of the plaintiff's mother was on the inside of the case, did not convert the timepiece into a jewel or an ornament; nor was it any the less a chronometer because it had been laid aside for a brief space of time. Under our statute, the landlord is liable for the lost articles, and the judgment must be affirmed.

Judgment affirmed, with costs to the respondent.

FREEDMAN, P. J., concurs.     MacLEAN, J., concurs in result.

---

(42 App. Div. 375.)

O'CONNOR v. FRANCIS.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

SCHOOL TEACHERS—EMPLOYMENT CONTRACTS—CERTIFICATES.

Under the consolidated school law (Laws 1894, c. 556, tit. 7, § 47), authorizing trustees to employ such school teachers as are qualified under the act, and section 38, requiring the teachers to have certain certificates, a contract of employment was void where the teacher did not have a proper certificate, though he secured one before the term of his employment began.

Appeal from trial term, Greene county.

Action by Charles R. O'Connor against Marshall E. Francis, as sole trustee of school district No. 4, town of Hunter. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edward O'Connor, for appellant.

Frank H. Osborn, for respondent.

LANDON, J.    The plaintiff seeks to recover damages for the breach of a contract in writing made August 3, 1896, between himself and the defendant's predecessor as sole trustee of school district No. 4, town of Hunter, in the county of Greene, whereby the parties agreed that plaintiff should teach the public school in said district for 40 consecutive weeks, commencing September 7, 1896, for $13.75 per week, payable at the end of each 30 days. After the contract was made, and before the term of plaintiff's employment began, the defendant was duly elected sole trustee of said district, and assumed the duties of the office. The defendant refused to recognize the contract, and prevented the plaintiff's performance. The justification urged by the defendant, and sustained by the trial court, was that at the time the contract was made the plaintiff was not a duly-qualified teacher.

The consolidated school law (Laws 1894, c. 556, tit. 7, § 47) provides that the trustee or trustees of every school district shall have power—

"To contract with and employ all teachers in the district school or schools, as are qualified under the provisions of this act."

Section 38 of the same title declares that:

"No teacher is qualified within the meaning of this act, who does not possess an unannulled diploma granted by a state normal school or an unrevoked and unannulled certificate of qualification given by the superintendent of public instruction, or an unexpired certificate of qualification given by the school commissioner within whose district such teacher is employed."

Section 47, above mentioned, further provides that:

"Any person employed in disregard of the foregoing provisions shall have no claim for wages against the district, but may enforce the specific contract made, against the trustee or trustees consenting to such employment as individuals."

The plaintiff at the date of such contract had an unexpired certificate of qualification given by the school commissioner of the Second district of the county of Delaware, and no other. After the contract, and about 10 days before the 7th of September, 1896, the date for the commencement of the plaintiff's service, the school commissioner in the First school commissioner district of the county of Greene (that being the district in which this contract was made, and said school district No. 4 was situate) indorsed such certificate as valid within his school commissioner district. The statute does not expressly authorize such indorsement, but the plaintiff offered to read in evidence from volume 1 of the printed report for the year ending July 31, 1896, of the state superintendent of public instruction to the legislature, a rule, promulgated by the superintendent, directing a school commis-

sioner to "indorse, for the full period for which they are valid when presented to him for indorsement, first and second grade certificates [this was a second grade certificate] issued by any other school commissioner in the state, unless a valid reason exists for withholding such indorsement. Such certificates, when properly indorsed, shall be valid in the school commissioner district over which the school commissioner who indorsed them has jurisdiction." The court sustained the defendant's objection to the evidence, upon the ground that it was not duly authenticated. We think the ruling was right, but, had the rule of the superintendent been read in evidence, it would remain true that at the time the contract was made the plaintiff was not a duly-licensed teacher for the district in Greene county, and therefore the trustee had no authority to make the contract with him. Blandon v. Moses, 29 Hun, 606; Gillis v. Space, 63 Barb. 177. The plaintiff must rest upon the force of the contract when made, and it was then invalid. It would need the assent, express or implied, of both parties, after the disqualification of both parties was removed, to give it validity, and that assent is absent.

Judgment affirmed, with costs. All concur.