**[No. 1985.]**

CATLIN, SUPERINTENDENT OF SCHOOLS OF MONTROSE COUNTY, v. CHRISTIE ET AL.

1. PUBLIC SCHOOLS—COUNTY SUPERINTENDENTS—POWER TO SUE.
County superintendents of public schools have legal capacity to sue as such, and may maintain such actions as are necessary to the fulfillment of the duties of their offices.

2. PUBLIC SCHOOLS—PLEADING.

In an action by a county superintendent of public schools against the directors of a school district to restrain them from violating the school law by employing a teacher not qualified under the law to teach, a complaint that alleges that the board has employed two teachers, one having a regular certificate and the other having no certificate, to teach the schools of the district under a contract purporting to be made alone with the qualified teacher in which they agree to pay an exorbitant price with a distinct understanding that said qualified teacher shall employ the teacher without a certificate to teach one of the schools of the district, and pay her therefor a certain part of the salary mentioned in the contract, and that said contract was made with full knowledge by the board that said teacher had no certificate and was made as a subterfuge, and with the purpose to evade the law prohibiting them from employing a teacher without a certificate, is sufficient to state a cause of action.

3. SAME.

In an action to restrain a board of school directors from employing a teacher not qualified under the law, an allegation that the teacher did not have any certificate "in force during any of the times mentioned in the complaint" is not an allegation of a legal conclusion, but is a proper allegation of an essential fact in the express language of the statute and is sufficient.

*Error to the District Court of Montrose County.*

Mr. F. D. CATLIN, for plaintiff in error.

Mr. JOHN GRAY and Mr. S. S. SHERMAN, for defendants in error.

WILSON, J.

This suit was brought by plaintiff, as county superintendent of schools of Montrose county, to restrain an alleged attempted violation of the school law by the directors of a school district in that county. The character of the violation charged can best be seen by the following extract from the complaint:

"That Miss Jennie Jones is a teacher of Montrose county, and has a regular certificate as such from the county super-

intendent, but Miss Leila Jones, her sister, has no teacher's certificate in force which would entitle her to teach in said county, or would permit the directors of any district of said county to employ her as a teacher.

" That Miss Leila Jones has not had any certificate in force during any of the times mentioned in this complaint, but disregarding the law in this respect, said defendants, the directors of said district No. 15, in September, 1898, employed Miss Jennie Jones and Miss Leila Jones to teach the schools of said district under the subterfuge and deceit of employing defendant Miss Jennie Jones at a salary of $125 per month to teach the schools of said district, with a distinct understanding and agreement that she, Jennie Jones, was to employ her sister Leila Jones to teach one of the schools, all with the knowledge of the fact that Miss Leila Jones had no teacher's certificate and with the intention and for the purpose of evading and disregarding the law.

" That Miss Jennie Jones's services were not worth more than $75.00 per month, and it was not intended to pay her more than $75.00 per month for her services; but the other $50.00 was intended for Miss Leila Jones.    *    *    *

" That said two schools in said district are necessarily different and separate schools and separate grades, and are and were intended to be taught in different rooms; and it is a physical impossibility for said Jennie Jones to teach both said schools; and it was never intended she would or could.

" That said directors defendants have by said unlawful acts attempted to, and unless restrained by order of this court will, disburse the funds of said district unlawfully and fraudulently and will delegate the employing of teachers to an agent and pay out the funds of said district to compensate a teacher they have not hired and could not hire, and who could not teach in the county because she is not qualified by having a certificate to teach."

The suit went off on demurrer to the complaint, and two questions are presented to us for determination:

1. Did the plaintiff have the legal capacity to sue?

2. Did the complaint state facts sufficient to constitute a cause of action ?

The constitution contemplates the adoption and maintenance of a general system of public schools, and the general policy of the legislation in this state is and has been, under such constitutional provision, to provide a complete and harmonious system which shall effectuate to the greatest extent the beneficial objects desired. Various officers are provided for, each charged by statute with the performance of some special duty, and, like other public officers, invested by the state, whose instruments and agents they are, either directly or impliedly, with the powers necessary to discharge the duties imposed upon them.

Section 6, article 9 of the constitution provides for the election in each county of a county superintendant of schools, and that his duties shall be prescribed by law. In furtherance of this, the legislature has imposed upon county superintendents the duty of general supervision of the school system within their respective counties, and, among other things, has specially charged them with the duty " to see that all the provisions of this act (the general school law) are observed and followed by teachers and school officers." Mills' Ann. Stats. sec. 3984.

The statute is silent as to what powers, if any, they shall have in "seeing " that the school laws are observed and followed in their counties. It does not specifically give them any power to enforce obedience to the laws or to restrain their violation, but if they have no such power, the requirement is idle and nugatory. It is never to be presumed that the legislature intends any such character of an act. It is, therefore, well settled by the overwhelming weight of authority that all public officers, though not expressly authorized by statute, if not expressly prohibited, have a capacity to sue commensurate with their public trusts and duties. *Berrien County Treas. v. Bunbury*, 45 Mich. 84; *School District v. Arnold*, 21 Wis. 666; *Supervisor v. Stimson*, 4

Hill (N. Y.), 136; *Haynes v. Butler*, 30 Ark. 70; Mechem on Public Officers, § 893.

The last authority cited thus lays down the rule:

" Where the law has not created prohibitions, public officers have an implied authority to bring and maintain all suits, as incident to their office, which the proper and faithful discharge of the duties of the office require."

There is no prohibition in our statute against county superintendents maintaining suits which are required, or which may be necessary to fulfill the duties of their office, and hence it follows that the plaintiff in this instance had the legal capacity to sue, if the acts charged in the complaint constituted a violation of law.

The law further contemplates that the schools shall be taught only by persons of proper and sufficient moral and educational qualifications. For this purpose, it provides for the examination of those desiring to teach, and for the issuance to those qualified of certificates to that effect, which shall be licenses to teach. Mills' Ann. Stats. sec. 3979.

Further, to more effectually accomplish the purpose desired, the statute expressly provides that, " No district board shall employ any person to teach in any of the public schools of the state, unless such person shall have a license to teach, issued from the proper district, county or state authority, and in full force at the date of employment." Mills' Ann. Stats. sec. 4024.

Here is a direct and positive prohibition of the employment as teachers of any person except those having the proper certificates. It has been repeatedly held that contracts made in violation of this statutory provision, which exists generally in the states having a public school system, are wholly void. Any attempted act of the school board in contravention of this section is absolutely null and of no effect. It is a well known principle requiring no discussion, that what a public officer is prohibited by law from doing directly, he cannot do indirectly. The complaint clearly alleges an attempted violation of this statutory provision, and hence it stated a cause of action.

The contention of defendants that the allegation in the complaint to the effect that Leila Jones did not have any certificate "in force during any of the times mentioned in the complaint" is no allegation at all, but a legal conclusion, is not tenable. It is a proper allegation in the express language of the statute, of an essential fact. The prohibition, as will be seen from the part of the statute which we have quoted, is against the employment as a teacher of one who, not only has no license to teach, but none in full force at the date of attempted employment. These latter words were necessary allegations in a complaint in order to bring the alleged violation within the terms of the statute.

This provision of the statute is a wise one, and should be upheld. School directors should not be permitted to violate it, either directly or by evasion. This suit is not, as contended, an attempted interference with the discretionary power of the board in the selection of a teacher, because it had no discretion to employ a teacher disqualified by law. It does not attack the selection of Miss Jennie Jones, who is admitted to have had a regular certificate as teacher, but only the employment, in the alleged violation of the statute, of Miss Leila Jones as an assistant. It may be questionable whether the former had any right at all to select and employ an assistant or proxy. *School Directors v. Hudson*, 88 Ill. 563; *The State ex rel., etc., v. Williams*, 29 Ohio St. 163.

But, even if she had, it is unquestionably true that she had no authority to engage one whose employment in such capacity was expressly prohibited by statute. If this was done with the consent, connivance or permission of the school board of the district, then its acts were in attempted violation of the statute, and this suit could be maintained.

For these reasons, it follows that the demurrer should have been overruled, and the judgment must be reversed. Such will be the order, and the cause will be remanded for further proceedings in accordance with this opinion.

*Reversed.*