McCLOSKEY *v.* SCHOOL DISTRICT NO. 5 OF WHEATLAND TOWNSHIP.

Schools and School Districts—Teacher's Contract—Certificate.

A contract between a teacher and a graded school district is invalid, unless the teacher, at the time of making the contract, has the certificate required by 2 Comp. Laws, § 4812, authorizing her to teach during the term covered by the contract; obtaining a certificate after the making of the contract, and before the commencement of the term, is not a compliance with the statute.

Error to Mecosta; Palmer, J.    Submitted June 9, 1903. (Docket No. 46.)    Decided July 14, 1903.

*Assumpsit* by Edna McCloskey against school district No. 5 of Wheatland township, upon a teacher's contract. From a judgment for defendant, plaintiff brings error. Affirmed.

*M. Brown* and *A. B. Cogger* (*A. Broomfield*, of counsel), for appellant.

*Joseph Barton* (*Crane, Norris & Drew*, of counsel), for appellee.

Carpenter, J.    March 4, 1901, the parties to this suit entered into a written contract by which said defendant (a graded school district in Mecosta county) employed plaintiff to teach its school for nine months, commencing September 2, 1901, at a salary of $30 per month.    At the time this contract was made, plaintiff had a third-grade teacher's certificate authorizing her to teach school in the county of Mecosta for the year ending June 29, 1901. July 31, 1901, the trustees of the defendant school district canceled said contract with the plaintiff, and at once notified her of their action.    August 24, 1901, plaintiff pro-

cured another certificate authorizing her to teach school in the county of Mecosta for the year ending August 24, 1902. September 2, 1901, plaintiff presented herself at the schoolhouse of the defendant district, and sought to perform her contract. Defendant refused to permit her to do this, and plaintiff brought this suit to recover damages. The cause was tried without a jury. The court made a finding of facts, from which the above statement is taken, and rendered judgment for the defendant, on the ground that, at the time the contract was canceled, plaintiff "held no certificate authorizing her to teach in the schools of [Mecosta] county, and was therefore not a qualified teacher."

We think the case of *O'Leary* v. *School District*, 118 Mich. 469 (76 N. W. 1038), justified this decision. Plaintiff in that case was employed to teach school three months, commencing September 21, 1896, with an agreement for a further employment of five months if she gave satisfaction. After teaching the three months, the board hired another teacher, and advised plaintiff that her services were no longer required. Her certificate from the board of school examiners expired March 28, 1897, or about two months before the expiration of the five months. She brought suit for damages, and recovered judgment. This court reversed said judgment, saying:

"She [plaintiff] had no contract for the five months, and was in no position to make one for that length of time. * * * The plaintiff could not make such a contract, as she did not possess the necessary qualification therefor. The board was therefore released from any obligations under this contract, even though it could have been enforced if the plaintiff had been qualified to make it, — a point which it is not necessary to determine here."

Plaintiff's counsel urge that that case is to be distinguished from this, because an examination of the record shows that Miss O'Leary could not have procured another certificate, while the plaintiff in this case could and did. That decision was not based upon the circumstance that Miss O'Leary could not qualify herself by procuring

another certificate. It was based upon the principle that she could not, by reason of her not having such a certificate, make the contract which she sought to enforce. That case clearly decides that the statute (section 4812, 2 Comp. Laws) requires the teacher, at the time the contract of employment is made, to possess a certificate qualifying her to perform her contract; and this construction, in our judgment, is correct.

In this view of the case, the other assignments of error are immaterial.

The judgment of the court below will be affirmed.

The other Justices concurred.