King, J.,
delivered the opinion of the court.
Bertha M. Johnson, defendant in error,' brought her suit against School District No*. 46, of Sedgwick county, Colorado, to* recover the sum of $540 which she alleged to be due her for breach of a contract of employment. In April, 1912, the de *434 fendant district made an order appointing the plaintiff to teach the district school in that district for the term beginning September, 1912, and continuing until and including May, 1913, at a salary of $65 per month. Notice of this order was given to- plaintiff, and she accepted the appointment. Both the notice and the acceptance were verbal.
At the time of this appointment and .acceptance, plaintiff possessed no license or certificate to teach. In June the school board of said district revoked its order, hut did not give her notice of such revocation until the day before the fall term of the school was to- begin. At that time she received a letter from the school board, advising her that the order had been vacated, and that another person had been employed to- fill the place. Plaintiff presented herself, at the beginning of the school term, offered to perform the services for which she claimed to have been employed, was ready at all times thereafter to- perform the required services-, was unable to- procuré another school, or least did not, and brought suit for the salary for the entire nine months, constituting the school year. Judgment went for the plaintiff for seven months’ salary, the balance of the demand being denied because it was.not shown that she might not have obtained a school for the rest of the year.
1. Section 6754 M. A. S. 1912, 5990 R. S. 1908, provides that “no district board shall employ any person to- teach in any of the public schools of the state unless such person shall have a license, issued by the proper district, county or state authority, and in full force at the date of employment,” and further provides that “any teacher who- shall commence teaching in any such school without such license shall forfeit all claim to- compensation out of the school fund for the term so- teaching without such license.”
The prohibition contained in said statute-, forbidding the employment by any district board of any person not having, at the time of entering into- the contract, a proper license to teach in the public schools of the state, operates directly upon *435 any such contract attempted to be made, and renders it wholly void and. unenforceable by either of the parties to the contract. The statutory provision quoted is. a plain and unequivocal expression of the public policy of the state with reference to the employment of teachers in the public schools. The alleged contract being void ah initio, no revocation, thereof was required, and a cause of action .supported only by proof of such contract could not be sustained, and, as it does not appear that such illegal contract was in any manner lawfully ratified by the defendant after plaintiff became qualified by receiving her certificate, the judgment cannot be sustained.
In this conclusion we are upheld by many authorities, and by what we regard as a sound public policy governing the employment of teachers. — Catlin v. Christie, 15 Colo. App. 291, 63 Pac. 328; Hots v. School District, 1 Colo. App. 40, 27 Pac. 15; Putnam v. School, 69 Ind. 80; O’Connor v. Francis, 42 App. Div. 375, 59 N. Y. Supp. 28; McCloskey v. District, 134 Mich. 235, 96 N. W. 18; Wells v. People, 71 Ill. 532.
In Catlin v. Christie, supra, it is squarely held that such a contract is null and void. We quote the following from the opinion in that case:
“It has been repeatedly held that contracts made in violation of this statutory provision, which exists generally in states having a public school system, are wholly void. Any attempted act of the school board in contravention of this section is absolutely null and of no effect. * * * This provision of the statute is a wise one, and should be upheld. School directors should not be permitted to. violate it, either directly or by evasion.” .
And in Putnam v. School, under a similar statute, it was said:
“It is contended that the employment referred to has relation to. the time when the school begins, and not to the date of the contract of employment, and that, hence, if the teacher has a license to teach at the time the school is to begin, that is *436 sufficient, notwithstanding the contract of employment may have been entered into previous to the issuing of the license. In our opinion this latter construction cannot be maintained. * * * As we construe this section, a contract for the employment of an unlicensed teacher in a common school is void by reason of the statutory inhibition against it, and is not ratified by the subsequent issuance of a license to the teacher.”
The defendant in error contends that* the foregoing statutory provision has been so construed by the courts of this state that the action can be sustained, in view of the fact that plaintiff procured her proper evidence of qualification before the term of employment was to> begin, in support of which she cites Hotz v. School District, 1 Colo. App. 40, and School Dist. No. 1, San Juan Co. v. Ross, 4 Colo. App. 493. Neither of these cases supports such contention. In no- case in this state has it been held that an action can be sustained by the teacher where the services have not been actually performed. In Hots v. School District, although the first contract of employment made between the teacher and the school district was void because she was not qualified when the same was made, nevertheless she thereafter entered upon the performance of her duties under a new arrangement made by the school board, by which a temporary certificate was procured by her before she commenced her services, and thereafter she obtained a proper certificate, under which circumstances it was held that “the commencement of the school by the teacher with the knowledge and consent of the board, after she had received a certificate of qualification, was equivalent- to> the making of a new contract upon the terms of the one into which they attempted tO' enter at their meeting held in August.” Citing Scott v. School Dist., 46 Vt. 452.
In School Dist. v. Ross it appears that at the time the contract between the school district and the teacher was entered into, a. temporary certificate was in full force, and that a few days after school commenced, a first-grade certificate, issued in another county, was endorsed and made effective, *437 under which Ross continued to teach until discharged. The circumstances are not such as to make it, or anything decided therein, applicable in support of the contention of defendant in error in this case.
2. Plaintiff in error also relies upon that portion of the statute of frauds which declares void “every agreement that by the terms is not to be performed within one year from the making thereof.” The alleged contract was made in April, 1912, and the term of employment agreed upon was to extend until and including May, 1913. The contract sued upon, if otherwise valid, was void under the statute of frauds. The year mentioned in the statute runs from the day when the agreement is made, and not from the day when the performance is to begin. — 20 Cyc. 198; Biest. v. Versteeg Shoe Co., 97 Mo. App. 137, 70 S. W. 1081. The contract herein sued on was denied by. the answer. The statute of frauds was available without being specially pleaded. — Salomon v. McRae, 9 Colo. App. 23, 47 Pac. 409.
3. The defendant filed a cross-complaint, eeking to recover from the plaintiff salary actually paid to her for services performed under an employment extending from September, 1911, to May, 1912, on the allegation that at the time the services were performed plaintiff was not qualified to teach. A demurrer to this cross-complaint was sustained. The evidence at the trial showed that at the time plaintiff was employed for that year, she had a certificate, authorizing her to teach, but which expired soon after she began the term of school. The plaintiff having been qualified at the time the contract of employment was entered into, and the board having accepted her services without objection and paid for the same, there are few, if any, authorities, and no good reasons, which would permit the district to recover for money already paid, notwithstanding the terms of the statute, which provide that if the term of school for which the teacher is employed extends more than one month after the expiration of such certificate, the teacher shall secure a new certificate, or a renewal *438 of the one held, while it is in force. So far as that contract of employment was concerned, whether considered under the demurrer or the evidence, the parties were in pari delicto. Money paid under an agreement which is executed, whether paid as the consideration or in performance of the promise, cannot be recovered back, where the parties are in pari delicto. —9 Cyc. 549; Branham v. Stallings, 21 Colo. 211, 40 Pac. 396, 52 Am. St. 213.
The. unexplained failure of the school board to notify plaintiff at an earlier date of the revocation of her appointment subjects the members £.f the board to censure, but for such failure the school district cannot be held legally responsible in damages under the void contract: The teacher is required to have special training as to the school law, upon which she must pass an examination, and it must be assumed that, knowing the law, she, as well as the school board:, violated it, and, being in pari delicto, neither law nor equity affords her redress.
For the reasons given, the judgment is reversed as to' that part which permitted a recovery by the plaintiff, and is affirmed as to that portion which denied to the school district a recovery under the cross-complaint.

Reversed in Part, Affirmed in Part.