Cunningham, P. J.,
rendered the opinion of the court.
This action was brought by the defendant in error, as plaintiff below, to recover for services rendered and to be rendered by her as a teacher in the public schools, under an alleged contract said to have been entered into between herself and the plaintiff in. error.
It is undisputed that at the time plaintiff entered into the agreement to teach, she held no license or certificate. The record further discloses that the plaintiff was advised, after she obtained her license and before the term of school began, that two of the three members of the school board would object to her teaching.
During the two weeks that she actually attempted to teach, these two members made frequent visits to the schoolhouse and urged her to withdraw from the school. During the two weeks that the defendant in error attempted to teach, there was in the same room with her another teacher, who had been employed by the board, who was also attempting to teach the same grade; both teachers used the same desk. At the end of the two weeks defendant in error.. *301 under protest, ceased teaching, and thereafter filed suit, and had judgment for the full amount which she should have received had she completed the term without opposition.
Since the present case was tried, and since the writ of error was sued out, this court, handed down the opinion in School Dist. No. 46 of Sedgwick Co. v. Johnson, reported in 143 Pac., 264, wherein we ruled that under sec. 6754, M. A. S., 1912; sec. 5990 R. S., 1908, a contract entered into between a school board and a teacher not holding a .license to teach is void ab initio, and that a cause of action supported only by proof of such contract could not be sustained, where the same was not in any manner lawfully ratified by the school board after plaintiff became qualified by receiving her certificate.
It is plain from the statement we have already made of- the facts in this case that there can be no contention that the school board ratified the contract which they attempted to enter into with defendant in error, subsequent to the time she received her license, even if it be conceded that a void contract is susceptible of ratification. Neither is there any evidence of a new contract, express or implied, having been entered into between the parties hereto, after August 18th, the date of defendant in error’s license. On the contrary, defendant in error, in her complaint, counts solely upon the specific contract or agreement which she entered into with the school board on May 20, almost ninety days before she received her license.
In addition to the authorities cited by Judge King in School Dist. No. 46 v. Johnson, supra, the following additional cases support the ruling therein announced:
School Directors v. Newman, 47 Ill. App., 364; School Directors v. Jennings, 10 Ill. App., 643; Bryan v. Fractional School Dist., etc., 111 Mich., 67, 69 N. W., 74; Butler v. Haines, 79 Ind., 575; Stevenson v. School Directors, 87 Ill., 255; Jenness v. School Dist., 12 Minn., 448; Hosmer v. Sheldon School Dist. No. 2, 4 N. D., 197, 59 N. W., 1035, 25 L. R. *302 A., 383, 50 Am. St., 639; Cyc, 1070.
On the authorities above cited, the judgment of the trial court is reversed, with directions to enter judgment dismissing plaintiff’s complaint.

Reversed and remanded with directions.