MORRIS ZEVIN, APPELLANT, V. SCHOOL DISTRICT NO. 11 OF THE VILLAGE OF COZAD, APPELLEE.

12 N. W. 2d 634

FILED JANUARY 7, 1944. No. 31683.

*Dryden & Jensen* and *Max Marshall*, for appellant.

*R. E. Bannister*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This action was commenced in the district court for Dawson county by Morris Zevin, as plaintiff, against School District No. 11 of the village of Cozad, as defendant, to recover the balance of salary claimed due by reason of a contract of employment to teach in the public schools of Cozad for the school year of 1942-1943. From an order sustaining a demurrer and dismissing his action, plaintiff has appealed.

For the purpose of this opinion plaintiff will be referred to as appellant and the defendant school district as appellee.

Appellant's amended petition alleges that he was a qualified teacher, having a teacher's certificate issued to him by the state of New Jersey. That on November 20, 1942, he entered into an oral agreement with appellee to teach in its public schools for the balance of the 1942-1943 term at the rate of $1,400 per year. That appellee knew appellant did not have a teacher's certificate issued to him by the state of Nebraska at the time the contract of employment was en-

tered into, but requested him to obtain one. This is evidenced by the letter of November 25, 1942, signed by the superintendent, stating the contract of employment and further containing the following: "Mr. Zevin must comply with the Nebraska School Laws and have his certificate issued by the State of Nebraska before he can be legally hired and paid." Pursuant to this agreement he commenced teaching. He then made application therefor and on November 27, 1942, a schoolteacher's certificate was issued to him but was lost in the mails and a substitute copy was issued but never filed in the office of the county superintendent of Dawson county. On December 17, 1942, he was notified of his dismissal as of December 18, 1942, by a letter from the superintendent. This letter stated that a check for his month's work was in the office and suggested that his services were no longer needed because he was not able to maintain discipline. The appellant further alleges that pursuant to action of the officers of appellee on December 25, 1942, he was discharged for the reason that he did not have proper discipline. Of this action he was orally notified by the president of the school board. This action is to recover $819 as salary for the balance of the school year 1942-1943.

The first question presented is whether or not appellant's failure to have a Nebraska teacher's certificate registered in the office of the county superintendent for Dawson county made the contract void. It appears from appellant's amended petition that at the time the contract of employment was entered into he had no Nebraska teacher's certificate and that none was ever registered in the superintendent's office of Dawson county. Section 79-1310, Comp. St. 1929, provides in part as follows: "Each holder of a teacher's certificate shall before contracting to teach, register the same in the office of the county superintendent of the county in which he is contracting to teach. Such registration shall be without fee and *no certificate to teach nor contract for a school shall be valid until the certificate is so registered.*" Section 79-1311, Comp. St. 1929, provides in part as follows: "A teacher violating the provisions of this

act *shall not recover any moneys for services while teaching during the time that said contract and certificate are invalid.*"   (Italics ours.)

The effect of similar statutes is discussed in 24 R. C. L. 616, sec. 73: "There are statutes in many jurisdictions providing that persons teaching in the public schools must be holders of teachers' certificates and the question has frequently arisen as to the effect of a contract made by a board with a person not so qualified.   Such provisions may be neither waived nor dispensed with and it has been held broadly that the possession of the certificate is a necessary prerequisite to appointment or employment and that any contract made with a teacher not having such certificate is void so as not even to be susceptible of ratification, and that a teacher who lacks the required certificate or license cannot recover on his contract for services rendered thereunder, because the right of a public officer to the compensation of his office is incident to and dependent upon his right and title to the office."   See, also, *Richards v. Richardson,* 168 S. W. (Tex. Civ. App.) 50; *School District v. Kirby,* 27 Colo. App. 300, 149 Pac. 260; *McCloskey v. School District,* 134 Mich. 235, 96 N. W. 18; *Bryan v. Fractional School District,* 111 Mich. 67, 69 N. W. 74; *O'Connor v. Francis,* 42 App. Div. 375, 59 N. Y. Supp. 28; *Butler v. Haines,* 79 Ind. 575; *Jenness v. School District,* 12 Gil. (Minn.) 337.

The powers of the officers of the appellee are limited and can only be exercised as the statute provides.   The appellant is legally charged with notice of the extent of such power and the manner in which it must be exercised.   Appellant did not have a Nebraska teacher's certificate at the time he contracted with the appellee nor was such teacher's certificate ever registered in the office of the county superintendent of Dawson county.   Therefore, under the express provisions of these statutes, the appellant was not qualified to enter into a contract with the appellee nor was the appellee, through its board, authorized to enter into a contract with the appellant and as provided in the statute such contract shall not be valid nor shall any recovery be had thereon.

Nor could there be a subsequent ratification thereof for the statutory requirements were never met and the certificate was never valid. As stated in *Markey v. School District*, 58 Neb. 479, 78 N. W. 932: "The contract being void for want of authority to make the same, it was incapable of ratification by the school district, or the voters thereof, only upon the observance of the conditions essential to the making of a valid contract in the first instance." Since the amended petition fails to state facts sufficient to show the authorization of a valid contract in the first instance or sufficient facts subsequent thereto to come within the prerequisite of the essential conditions provided in the statutes to permit such contract, a subsequent ratification thereof could not be made and therefore the appellant's amended petition did not state a cause of action and the demurrer was properly sustained.

In view of our holding the contract void, other matters raised in appellant's brief are not discussed.

AFFIRMED.