PEOPLE ex rel. FINIGAN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 9, 1905.)

1. MUNICIPAL CORPORATIONS—SCHOOLS—TEACHER IN TOWN ANNEXED TO NEW YORK—PERMANENT EMPLOYMENT.

One who was a teacher in a town at the time of its consolidation with the city of Greater New York, and who at that time held a school commissioner's certificate, was not thereby entitled to become a member of the permanent teaching force of the city, and her status as a member of the teaching force was not affected by the subsequent issuance to her of a first grade school commissioner's certificate.

2. SAME—TEMPORARY LICENSE—DUTY TO MAKE PERMANENT.

Laws 1901, p. 1774, c. 718 (Revised Amended Greater New York Charter, § 1089), declaring that at the close of the third year of continuous successful service of a teacher the city superintendent may make a temporary license permanent, does not require the superintendent to make a license permanent under such circumstances.

3. SAME—ISSUANCE OF TEMPORARY LICENSE.

Under Laws 1901, p. 1774, c. 718 (Revised Amended Greater New York Charter, § 1089), providing that at the close of the third year of con-

tinuous successful service of a teacher the city superintendent may make a temporary license permanent, the issuance of a special license to a teacher who has served three years under a temporary license is not a determination by the superintendent that the teacher is entitled to a permanent license.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Rose M. Finigan, against the board of education of the city of New York. From a final order dismissing an alternative writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and MILLER, JJ.

David Ross, for appellant.

James D. Bell (William Hughes, on the brief), for respondent.

MILLER, J. The relator was a teacher in the town of Flushing, county of Queens, at the time of its consolidation with the greater city, and was the holder of a second-grade school commissioner's certificate, which, by its terms, expired July 31, 1900. She continued to teach under a temporary license issued by the city superintendent for the period of one year, at the expiration of which time it was successively renewed twice, the last renewal expiring June 30, 1902. She continued to teach, however, under a special license, up to January, 1903, when she was notified by the city superintendent that, owing to an unsatisfactory report upon her work, her license would not be renewed further. She now claims that both because she was a teacher in the territory included in the greater city at the time of the consolidation, and because of the further fact that she has taught three years continuously under a temporary license twice renewed, she is entitled to a permanent license, and that, having retained her as a teacher under the special permit after the expiration of the three years of service, the city superintendent cannot now be heard to say that her work was not successful, but that the provision of section 1089 of the Revised Amended Charter (chapter 718, p. 1774, Laws 1901) : "At the close of the third year of continuous, successful service, the city superintendent may make the license permanent," is mandatory.

The mere fact that the relator was a teacher at the time of the consolidation, and held a school commissioner's certificate, did not entitle her to become a member of the permanent teaching force of the greater city. The issuance to her of a first-grade school commissioner's certificate thereafter did not affect her status as a member of the teaching force of said city. To succeed, therefore, she must establish the proposition that the word "may," in the portion of the section quoted, means "must." After a teacher has become a member of the permanent force, she is protected by statute from removal except upon charges preferred and an opportunity to be heard, and it cannot be that it was ever designed by the statute to take away from the licensing power all discretion in the first instance. The fact that the teacher's tenure in office is so carefully guarded necessitates the greater care on the part of the superintendent in making temporary licenses permanent, and requires that

his discretion should not be interfered with. No reason is suggested why the permissive language of the statute should be construed as mandatory. It is unnecessary to consider the cases relied upon by the relator, because in each the teacher held a permanent certificate or its equivalent. The fact that the probationary term of three years was extended by the superintendent by special license cannot avail the relator, because the additional opportunity afforded her to demonstrate her fitness to receive a permanent license cannot be construed as a determination by the superintendent that she was entitled to one.

The order should be affirmed, with costs. All concur.