# Nelson v. Board of Education of the City of Williamsburg, et al.

(Decided June 8, 1926.)

## Appeal from Whitley Circuit Court.

1. Judgment—Authority of Board of Education, Elected While City was Fourth Class, to Order Bond Election After City Became Fifth Class, Held Res Adjudicata, Where Judgment that City was of the Fourth Class was Unappealed from and Effect of Subsequent Act Might have been Litigated (Acts 1920, c. 14, now Ky. Stats., 1922, Sections 3587a-1-3587a-33, and Section 2740, as Amended and Re-enacted by Acts 1924, c. 82; Acts 1922, c. 108.)— Though city not coming within Acts 1920, c. 14, now Ky. Stats., 1922, sections 3587a-1-3587a-33, became of the fifth class by re-classification under Acts 1924, c. 82, amending and re-enacting section 2740, Ky. Stats., 1922, authority of city board of education, elected while city was of the fourth class, under Acts 1922, c. 108, to provide for a bond election to erect a school after city became of the fifth class, held res adjudicata, where judgment rendered after 1924 act that city was of the fourth class was unappealed, and city continued to act as fourth-class city, and effect of 1924 act could have been raised in suit contesting validity of bonds but was not.

2. Schools and School Districts—Where Fourth-Class City School District, which Voted Bonds to Build School, was Abolished, and Graded School District Succeeded it, Trustees of Graded School District Can Sell Bonds and Expend Proceeds for School.—Where fourth-class city school district, which voted bonds with which to build schoolhouse, was abolished, and graded school district succeeded it, board of trustees of graded school district have authority to sell these bonds and to expend the proceeds for schoolhouse, especially where boundaries of new district are same as boundaries of abolished district.

3. Schools and School Districts—City Transferred from Fourth to Fifth Class can no Longer Operate Schools as Fourth-Class City Schools (Ky. Stats., 1922, Sections 3587a-1-3587a-33; Acts 1926, c. 141).—After fourth-class city becomes fifth-class city under Acts 1926, c. 141, it might no longer operate its schools as fourth-class city schools, as Ky. Stats., 1922, sections 3587a-1-3587a-33, providing such schools, applies only to fourth-class cities.

4. Schools and School Districts—Where Fifth-Class City having Graded School Became Fourth-Class City with Fourth-Class City School, and Subsequently Became Fifth-Class City Again, School Became Graded School Again, with Obligations of Fourth-Class City School (Acts 1922, c. 108; Acts 1926, c. 141).—Where fifth-class city having common graded school became fourth-class city under Acts 1922; c. 108, with fourth-class city school, and subsequently became fifth-class again under Acts 1926, c. 141, school be-

.came a common graded school again, with obligations of preceding fourth-class city school.

5. Schools and School Districts—Where Fourth-Class City School was Changed to Local Graded School, Until Vacancy in Trustees for Graded School is Filled by Governor, Board of Education Chosen for Fourth-Class City School May Manage and Control School (Ky. Stats., Sections 4469, 4471, 4471a-2).—Where fourth-class city school was changed into local graded school until vacancies in trustees for local graded school under Ky. Stats., sections 4469, 4471, are filled by the Governor under section 3758, the board of education chosen ·for! the fourth-class city school may manage and control the school, as they are at least de facto ·officers.

STEPHENS & STEELY for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming in part and reversing in part.

By chapter 14, Acts of 1920, now section 3587a-1 to and including 3587a-33 of Carroll's 1922 edition of Kentucky Statutes, the legislature created a system of city schools for cities of the fourth class in this Commonwealth and conferred their government and management upon a city board of education who acted independently of the county board of education of the county in which the fourth class city was located. The act provided that the city schools therein created should include all territory within the corporate boundaries of all fourth class cities and might also include contiguous territory if it should be added pursuant to provisions provided therefor; but the city board of education should have jurisdiction throughout the district although it included contiguous territory. At that time the city of Williamsburg in Whitley county was a city of the fifth class and did not come within the provisions of the 1920 act. In 1922 the legislature, by chapter 108, Acts of that year, page 282, reclassified the cities in this Commonwealth and in it Williamsburg was transferred from a city of the fifth class to one of the fourth class. The 1920 act relating to schools in cities of the latter class by its terms converted the schools theretofore existing therein into the city schools created by the act and whereby provisions were made for the election of a city board of education at the time specified therein. Williamsburg after being transferred in 1922 to a city of the fourth class took

advantage of the 1920 act, and at the regularly appointed time elected a board of city trustees in conformity therewith.  Prior to its becoming a city of the fourth class there was legally and duly established in the territory included in the corporate limits of Williamsburg and some contiguous territory a common graded school and the local graded school was operated as such with a board of five trustees up to the time the city was transferred to one of the fourth class, but after that time, as stated, the same territory was operated by a city board of education pursuant to the provisions of the 1920 act creating city schools for fourth class cities.  Chapter 82, page 215, Acts of 1924, amended and re-enacted section 2740 of the 1922 edition of Carroll's Statutes, which was the section containing the classification of cities as enacted in 1920 and at which time Williamsburg was a city of the fifth class, and the 1924 act re-enacted such classification and which under our opinion in the case of City of Elizabethtown v. Lanz, 209 Ky. 815, had the effect to transfer Williamsburg from a fourth class city, wherein it was classified by the 1922 act, to a fifth class one, and it was no longer a fourth class city from the time that act (1924) took effect.  However, a suit was instituted in the Whitley circuit court to determine to what class city Williamsburg belonged after the enactment of the reclassification act of 1924, and it was adjudged that it was still a city of the fourth class, and that judgment was never appealed from and the city continued to act as a fourth class one from that time until the happening of the matters stated below; and likewise so continued to manage the local school as a city school of a city of the fourth class.

In February, 1926, the local city board of education called an election within the territorial limits of the school district for the purpose of voting bonds to construct a schoolhouse, the old one having been burned. The validity of that election was involved in the case of Nelson v. City of Williamsburg, 213 Ky. 714, in which it was held valid to the extent therein indicated. So that, notwithstanding Williamsburg became a city of the fifth class by the reclassification made in the 1924 act, yet the authority of the city board of education elected in 1922 while it was a city of the fourth class to call and provide for the election held in February, 1926, is now *res judicata*, not only because of the judgment of the Whitley circuit court, which is still in full

force and effect, but also because of the opinion in the case *supra,* of Nelson v. Board of Education of the City of Williamsburg, and in which case the facts with reference to the enactment of the 1924 act, and the questions arising therefrom, were not presented nor passed upon, though they could have been, and under numerous opinions the question became binding upon the people of the district in fixing the status of the local school. So that, the question involved and hereinafter stated will be treated from the standpoint that Williamsburg remained a fourth class city from the taking effect of the 1922 act until the taking effect of chapter 141 of the Acts of 1926, not yet published, and in which latter act the cities of the Commonwealth were reclassified and Williamsburg was placed in the fifth class.

This action was filed by appellant, E. E. Nelson, a citizen and taxpayer within the city of Williamsburg and also of the school district, against the board of education of the city of Williamsburg as a fourth class city and the members composing it to enjoin them from issuing any of the bonds voted in February, 1926, upon the ground that since that election Williamsburg under the 1926 act, which took effect March 24 of this year, became a fifth class city; all of which occurred before any of the bonds were negotiated, and that defendants were legislated out of office by the last classification and were no longer authorized to manage the local school or to carry out any prior provisions with reference thereto, and a declaratory judgment was sought fixing the status of the local school. The judgment rendered by the court upheld the validity of the election, and also the right of defendants as members of the city board of education to indefinitely continue to function as such board and that the board had the right to sell and dispose of the bonds and to expend the proceeds as contemplated by the election; and from that judgment plaintiff prosecutes this appeal.

We have no doubt about the correctness of the judgment upholding the validity of the election at which the bonds were voted for the purpose of constructing a schoolhouse for the local district. Indeed, that question was settled in the opinion in 213 Ky., *supra,* and being so the administrative agency succeeding the defendant, board of education, would have the authority to sell the bonds and expend the proceeds for the purpose for which they were voted, and that is especially true when as here

the boundaries of the succeeding school district are the same as when it was a city school of a fourth class city. We are furthermore convinced that when Williamsburg became a fifth class city under the 1926 act it could no longer operate its local school as one of a fourth class city, since the 1920 act made no provision for their creation and operation in cities of any other class. But at the same time we are likewise convinced that the local school by the transfer of Williamsburg from a fourth class to a fifth class city became the same character of school that existed in the same territory when Williamsburg was transferred from a fifth class to a fourth class city, and it, as we have seen, was a common graded school district; but with the power and right as well as the duty to carry out through its administrative body (a board of five trustees, see section 4469 of our present statutes) all obligations and undertakings theretofore legally created and commenced while the same territory was a city school of the fourth class. The time for the regular election of trustees for such schools is the first Saturday in May. See section 4471 of the statutes. But because of the facts hereinbefore recited no election of trustees for the local graded school (which came into existence, as we have seen, when Williamsburg was transferred in 1924 to a city of the fifth class) was ever held after that time; nor was there an election of such trustees on the first Saturday in May of this year after the city was again classified as a fifth class one by the 1926 act.

There exists, therefore, a vacancy in the trustees for the local graded school created by operation of law, as herein indicated, and under the provisions of section 4471a-2 in the present 1922 edition of Carroll's statutes it became and was the duty of the county judge of the county in which the school was located to fill such vacancy; but that section was repealed by the legislature at its 1922 session, and which repealing act is chapter 8, page 35 of the Session Acts for that year, and since then there is no specific statute prescribing how such vacancies may be filled, they not being included in sections 1521 and 1530 inclusive of the present statutes. However, section 3758 prescribes, among other things, that where a vacancy occurs "in any other office where there is no provision of law for filling same, such vacancy shall be filled by the appointment of the governor," &c. In the absence of some special method for the filling of

the vacancies in the office of trustees for the graded school at Williamsburg it is our conclusion that they should be filled by appointment by the governor under the general provisions of the last section referred to. But until that is done the school will be managed and controlled by the members of the present city board of education who are at least *de facto* officers. Upon the filing of the mandate in this case the governor should make appointments of five trustees for the management of the local graded school to serve until their successors are elected and qualified under statutory provisions for the purpose.

Wherefore, the judgment, in so far as it held that defendants, who were the members of the city board of education when Williamsburg was a city of the fourth class, may continue to act as such indefinitely, is reversed; but in so far as it upheld the right of the district to carry out the mandates of the election held in February, 1926, it is affirmed, with directions to modify the judgment to conform to the principles of this opinion.