CHARLES T. ZIMMERMAN v. BOARD OF EDUCATION OF
BUNCOMBE COUNTY ET AL.

(Filed 20 August, 1930.)

**Schools and School Districts E c—Operation of junior college in city of Asheville is within discretion of board of education.**

Where the board of commissioners of a city, constituting a special charter school district, under statutory authority have established and maintained, as a part of the public school system of the city, a junior college, the operating expenses of the college being paid from a special tax validly levied and collected in the city, and the general school fund of the district, derived from money apportioned from the general school fund of the county and from the special tax, is sufficient to pay the expenses of operating the elementary and high schools of the city for the constitutional term, and also for the operation of the junior college, and later the special charter school district is changed by statute to a local

tax school district, the statute providing that the standard of education in the city be maintained and that the special tax remain in force and that the control of the schools of the city be vested in the board of education of the county with the same powers and duties as were conferred upon the board of commissioners of the city: *Held*, the board of commissioners of the city had the power, in the exercise of their discretion, to operate and maintain the junior college, and the board of education of the county, as its successor, has the power to operate the said junior college, certainly so long as no additional tax is required therefor, and the granting of an order restraining the board from operating the college in its discretion is error.

APPEAL by defendants from *Johnson, Special Judge,* at April Term, 1930, of BUNCOMBE. Reversed.

This is a controversy without action (C. S., 626), involving the opposing contentions of the parties hereto, with respect to the power of the defendants to continue the operation of a junior college as a part of the public school system of the city of Asheville.

The plaintiff, a resident and taxpayer of the city of Asheville, upon the facts agreed, contends that the defendants have no power to maintain or to continue to operate the junior college heretofore established and operated as a part of the public school system of the city of Asheville, and to pay the expense of such operation out of the public school fund of said city. Upon the facts agreed, plaintiff prays judgment that defendants be enjoined from continuing the operation of said junior college as a part of the public school system of said city, as defendants have declared it is their purpose to do.

The defendants, the board of education of Buncombe County, and the school committee or school board of the city of Asheville, upon the facts agreed, contend that they have the power, in the exercise of the discretion vested in them by statute, to maintain and to continue to operate said junior college and to pay the expense of such operation out of the school fund available for the operation of the public school system of the city of Asheville. Upon the facts agreed, defendants pray judgment that plaintiff is not entitled to a judgment enjoining them from maintaining and continuing to operate said junior college.

Upon consideration of the facts agreed, the court was of the opinion that the junior college heretofore established and operated in the city of Asheville, as a part of the public school system of said city, is not a part of the public school system of the State of North Carolina, within the meaning of the Constitution of this State, and of the general school law enacted by the General Assembly, and that, therefore, the defendants are without power to maintain and operate said junior college, and to pay the expense of such maintenance and operation out of the public school fund available for the support of the public school system of the city of Asheville.

In accordance with this opinion, it was ordered and adjudged that defendants be and they were enjoined perpetually from maintaining and operating said junior college, and from paying the expense of such maintenance and operation out of the public school fund of the city of Asheville, as a local tax school district.

From the judgment rendered defendants appealed to the Supreme Court, assigning error on their exception to the judgment.

*Anderson & Howell for plaintiff.*
*George Pennell and Chas. N. Malone for defendants.*

CONNOR, J. Prior to 30 April, 1929, the territory embraced within the corporate limits of the city of Asheville was a special charter school district, by virtue of the provisions of chapter 16, Private Laws of North Carolina, 1923, which is entitled "An act to amend, revise and consolidate the statutes that constitute the charter of the city of Asheville." The board of commissioners of said city was expressly charged by said statutory provisions with the duty of maintaining in the city of Asheville an "adequate and sufficient system of public schools," and for that purpose was authorized and empowered to construct and maintain in said city proper school buildings which should be under its control and subject to its disposition. The said board of commissioners was also authorized and directed to apply the public school fund of the city of Asheville, exclusively, to the support of the public schools of said city. This public school fund was derived, in part, from money apportioned to said special charter school district from the general school fund of Buncombe County, and, in part, from money raised by a special tax duly authorized and levied and collected in said district.

Prior to 30 April, 1929, the board of commissioners of the city of Asheville, in the exercise of the power conferred by statute upon said board, with respect to the public schools of said city, established and maintained as a part of the public school system of said city a junior college, paying the expense of said junior college out of the public school fund of said city. The said junior college has been given an official rating by the Department of Public Instruction of the State of North Carolina as a standard junior college, in accordance with the requirements of the Southern Association of Colleges and Secondary Schools. Tuition in said college was free to all students who were residents of the city of Asheville. Applicants for admission to said college were required to show by certificate or by examination that they had completed the course of instruction prescribed by law for a standard high school. There were no requirements as to age for admission to said junior college.

The cost of operating said junior college for a full term of nine months in each school year has been approximately $30,000. This sum has been paid out of funds derived from the special tax levied and collected in the city of Asheville. In addition to maintaining and operating said junior college, the said board of commissioners maintained and operated in the city of Asheville as parts of the public school system of said city, both elementary and high schools, in accordance with the requirements of the general school law of this State. These schools were maintained and operated for a full term of nine months in each school year, and in all respects complied with the provisions of the general school law of the State, with respect to elementary and high school instruction.

On and prior to 30 April, 1929, the board of commissioners of the city of Asheville, which was then a special charter school district, maintained and operated in said district, a public school system consisting of (1) kindergarten schools (see *Posey v. Board of Education, post,* 306); (2) elementary schools, composed of seven grades; (3) high schools, composed of four grades; and (4) the junior college. The school fund of said special charter school district, derived from money apportioned to said district from the general school fund of Buncombe County, and from money derived from special taxes levied and collected in said district, was sufficient to pay the expense of maintaining the said public school system, for a term of nine months in each school year. This was the public school system which the board of commissioners of the city of Asheville, in the exercise of power conferred upon said board, established and maintained in said city, as, in its best judgment, adequate and sufficient for the city of Asheville. Prior to this controversy without action, no question seems to have been raised by any citizen of this State or by any resident or taxpayer of said city with respect to said school system, or with respect to its maintenance and operation by said board.

As a result of an election held on 30 April, 1929, pursuant to the provisions of chapter 205, Private Laws of North Carolina, 1929, the Asheville Special Charter School District became, for certain purposes, the Asheville Local Tax School District. This change in name was made, as appears from the statute, solely for the purpose of taking the control and management of the schools of the district from the board of commissioners of the city of Asheville and vesting such control and management in the defendants. It was expressly provided by the statute authorizing the change, that after such change was made, "the public school system of the Asheville Local Tax District shall be under the supervision and control of the superintendent and the board of school committeemen herein appointed, it being intended by this section to direct that the present standard of education in the public schools of the city

of Asheville shall be maintained." It was also provided in said statute that the special taxes "heretofore voted in the city of Asheville for the maintenance and operation of the public schools of the city shall remain in full force and effect."

It appears from the statement of facts agreed upon which the question involved in this controversy without action was submitted to the Court, that the predecessors of the defendants, in the exercise of their best judgment, established as a part of an adequate and sufficient system of public schools for the city of Asheville, the junior college. That they had the power to establish and maintain said college, in the exercise of this discretion, it seems to us cannot be questioned. The public school fund available for the support of the public school system of the city of Asheville was sufficient not only to support the elementary and high schools, which composed a part of said system, but was sufficient also to support the kindergarten schools, which the said board was required by statute to establish and maintain. *Posey v. Board of Education, supra.* Said fund was also sufficient to support the junior college. No additional tax was required to provide funds for the support of said public school system, or any part of it. It is true the establishment and maintenance of the junior college was not mandatory, as was the case with the kindergarten schools, by special statute, chapter 16, Private Laws of North Carolina, 1923, and as was the case with the elementary and high schools, under the general school law of the State. C. S., 5386. The board of commissioners of the city of Asheville had the power, however, in the exercise of their discretion to establish, maintain and operate the junior college, as a part of an adequate and sufficient system of public schools for the city of Asheville, which was at that time a special charter school district and not subject to the limitations in the general school law of the State, with respect to schools maintained and operated in accordance with its provisions.

By virtue of the provision of chapter 205, Private Laws of North Carolina, 1929, the election provided for therein having resulted favorably to the extension of the corporate limits of the city of Asheville, the defendants, as the successors of the board of commissioners of the city of Asheville, have the same powers and are under the same legal duties as said board with respect to the public schools of the city of Asheville. We are of opinion that the defendants have the power in the exercise of their discretion to continue to operate the junior college heretofore established and maintained by their predecessor, the board of commissioners of the city of Asheville, certainly so long as they can do so without the levy of an additional tax for that specific purpose. If defendants shall, at any time hereafter, find that they cannot operate the said junior college, without impairing the efficiency of the elementary

and high schools, and of the kindergarten schools, now forming in part the public school system of the city of Asheville, they have the power, in the exercise of their discretion, to close the said junior college, and cease its operations. We find no statute making the operation of said junior college mandatory. Its continued maintenance and operation is within the discretion of the defendants. The exercise of such discretion by defendants is not subject to judicial review. *School Committee v. Board of Education,* 186 N. C., 643, 120 S. E., 202.

In accordance with this opinion, the judgment, enjoining the defendants from continuing the operation of the junior college, is
Reversed.