No. 15,113.

BORDAHL *v.* CALDWELL ET AL.
(144 P. [2d] 780)

Decided January 3, 1944.

Mr. REID WILLIAMS, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendants in error.

Mr. S. ARTHUR HENRY, amicus curiae.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, a school teacher, plaintiff below, brought an action asking for a declaratory judgment, determining "that by reason of the length of time which she had taught at * * * Pueblo Junior College and the provisions of law in such case made and provided [including the Teachers' Tenure of Service Act, chapter 215, Session Laws 1921; §§238, 239, '35 C.S.A., c. 146], that she had, has and is entitled to stable and continuous tenure at said Pueblo Junior College during efficiency and good behavior." The matter was submitted on an agreed statement of facts, which, admittedly, raised only two questions of law: "First, Does tenure apply to the Junior College? and, Second, If it does, does plaintiff in this case have tenure?" The court answered both questions in the negative, and ordered that plaintiff take nothing by her suit, and that defendants have judgment for the costs. The specification of points for reversal here are directed to the court's alleged error in determining as above noted.

The pertinent portions of the Teachers' Tenure of Service Act, supra, are the title, "An Act Relating to the Tenure of Service of Teachers in the Public Schools," section 1, and the first clause of section 2, reading, respectively, as follows:

"Section 1. Any teacher, who has heretofore been or shall hereafter be employed as a regularly elected teacher for three consecutive school years in any first class school district having 20,000 or more inhabitants, and shall be re-elected after the passage of this Act, shall without further election have stable and continu-

ous tenure of his or her position during efficiency and good behavior.

"Section 2. No teacher, who has been or shall hereafter be employed for three consecutive years shall be dismissed or retired * * *."

In the case of *Ryan v. School District*, 84 Colo. 385, 388, 270 Pac. 865, we held that this act "is limited expressly to teachers in districts of the first class having 20,000 or more inhabitants." It is conceded in the case at bar, "that the area embraced within the Pueblo Junior College District has a school population of more than one thousand, and has more than twenty thousand inhabitants." However, the fact that a first class school district and a junior college district may be physically coexistent is not controlling. 56 C.J. 383.

Counsel for plaintiff in error contends that the title of the act, supra, is broad enough in meaning to cover junior college districts. However, as frequently happens, the title is broader in scope than the act itself as is obvious from a reading of section 1, supra, and while section 1 of the Junior College Organization Act, chapter 237, Session Laws, 1937, declares that junior colleges established thereunder are "declared to be an integral part of the public school system of the State of Colorado," that by itself is of no particular significance in this matter.

Further contending that his interpretation is applicable here, plaintiff's counsel cites the case of *Union High School District v. Paul*, 105 Colo. 93, 95 P. (2d) 5, wherein we said, page 97: "Our attention also is directed to the circumstance that under the provisions of section 194, chapter 146, '35 C.S.A., solely relating to *county high school districts*, such districts are expressly granted all the powers exercised by the directors of first and second class districts throughout the state. No statute confers an equivalent authority upon union high school districts." However, on the same page we had stated: "Such a claim [that the Union High School District ipso

facto is a first class district], if made, clearly would be untenable under *Washington County High School District v. Board of Commissioners,* 85 Colo. 72, 273 Pac. 879."

Relying upon the School District-Paul case, counsel lays particular stress upon a portion of section 26 of the Junior College Organization Act, supra, which reads, "Each junior college district organized under the provisions of this act shall exercise all the powers, and perform all the duties that are at the time of the passage of this act accorded to and required of directors of first-class public school districts throughout the state. * * *." However, in relation thereto, we point out that a similar section (section 194, chapter 146, '35 C.S.A., amended immaterially as it relates to the question at hand by chapter 155, Session Laws 1939) was in full force and effect at the time the decision was handed down in *Washington County High School District v. Board of County Commissioners, supra,* and that it was section 15 of chapter 170, Session Laws 1909, which was before the court in its consideration of that case, as indicated by the brief of plaintiff in error therein. Consequently, we assume, although the opinion does not specifically cover the point, that the section did receive consideration, because said chapter 170, Session Laws 1909 was the act creating high school districts, and we said in our opinion, on rehearing: "Be that as it may, the legislature, in 1909, did in fact discriminate between such districts and county high school districts."

Much of that which was said in that case pointing out distinctions between the county high school districts and the ordinary first, second and third class school districts could be repeated with emphasis here, but no useful purpose would be served by the repetition.

Counsel for plaintiff in error concedes that not all junior college districts are geographically identical with first class districts. The junior college act specifically declares that such a district may be made up of parts

of more than one county, and may not be organized even in a first class district unless there is a school population of at least 3,500 with an assessed valuation of $20,000,000. A certificate to teach in a first class district is no assurance of a legal right to teach in a junior college. In the last clause of section 94, chapter 146, '35 C.S.A., it is specifically stated, "such certificates shall be valid only in the district where issued." To say that the Teachers' Tenure of Service Act should apply to some junior college districts and not to others, as counsel suggests, would be more discriminatory than distinguishing between first class school districts of 20,000 population and junior college districts.

Apparently in response to our suggestion in the Washington County High School District case, supra, the General Assembly made the minimum teachers salary law applicable to "every school district" and "every junior college district" (S.L. 1937, c. 237, §21), but as to junior colleges, section 24 provides, inter alia: "Said apportionment shall be made only to those junior college districts that have made a special levy for the support of the junior college organized under this act on the assessed valuation of the property of their respective districts as follows: At least .75 mill in a junior college district having an assessed valuation of $20,000,000 and less than $50,000,000; and .5 mill in all junior college districts having an assessed valuation of over $50,000,000."

When the General Assembly outlines with such particularity the plan for applying the teachers' minimum salary law to junior colleges, it is unreasonable to suppose that an act in which junior college districts are not even mentioned, i.e., the Teachers' Tenure of Service Act, supra, was intended to apply to junior colleges, and no authority, other than the statute relied upon, has been called to our attention, nor have we been able to find any, holding that it does.

We might add that plaintiff in error in the Washington County High School case, supra, was fortified by

administrative interpretation and an opinion of the attorney general. Plaintiff in error here has not even that support for her position.

It is our conclusion that the Teachers' Tenure of Service Act was not intended to, and does not, apply to junior colleges. Accordingly, the judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE GOUDY not participating.