No. 16,379.

FERCH *v.* DISTRICT COURT OF THE CITY
AND COUNTY OF DENVER ET AL.

(227 P. [2d] 997)

Decided January 29, 1951.   Rehearing denied February 19, 1951.

Mr. DONALD W. MARSHALL, for petitioner.

Mr. ANTHONY ZARLENGO, Mr. DARWIN D. COIT, for respondents district court and judge thereof.

Mr. RALPH L. CARR, Mr. OMER GRIFFIN, for respondent Hansen.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for respondent City and County of Denver.

Mr. JOHN E. FITZPATRICK, for respondent Denver Hog Growers Association.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PETITIONER as plaintiff filed a taxpayer's action in the respondent court, seeking to recover for himself and others similarly situated, for the benefit of the City and County of Denver and of its taxpayers, a sum of money allegedly paid to one Sam Hansen by the city for services for removing garbage therefrom, and for injunctive relief. Motion to dismiss this cause was granted by the trial court and upon error judgment of dismissal was reviewed by us in *Ferch v. Hansen,* 115 Colo. 366, 174 P. (2d) 719, where the nature of the proceeding is more fully set out.

After long delay, pursuant to rule for answer, the defendant City and County of Denver and defendant Hansen each filed answer to said complaint, and thereafter, on motion of Ferch, the court denied leave to join Denver Hog Growers Association as a party. Shortly thereafter, by agreement between plaintiff Ferch and said Denver Hog Growers Association, the latter deposited in escrow with the Colorado National Bank a cashier's check for the principal sum of $5,000.00, payable to Ferch and his two attorneys, John J. Gibbons and George T. Evans, to be turned over to said payees upon delivery by them to the bank of a certified copy of an order of the district court joining said Denver Hog Growers Association or the individual members thereof as parties defendant in said cause, and a certified copy of an order of the court dismissing said action. On the same day, plaintiff executed a verified consent to dismissal of the action with prejudice, and on the following day Ferch borrowed $600.00 from John E. Fitzpatrick, the attorney for the Denver Hog Growers Association, and assigned to him

$600.00 of the funds in escrow. Then petition for intervention was filed by the Denver Hog Growers Association with the consent of plaintiff and defendant Hansen, and, with permission of the court, the Denver Hog Growers Association filed its answer as intervener.

Thereupon plaintiff filed motion to dismiss upon the ground, as alleged, that plaintiff was unable to prove the essential allegations of his complaint in that by the deposition of defendant Hansen and otherwise it had been established that said defendant did not sell, and never at any time has sold, any of the garbage collected within the City and County of Denver, and that even if his contract with the city was void, there had been performance, and the city had received the benefit thereof. Ferch then sent to his attorneys the following memorandum:

"Mr. Evans. 5.25.49

"1st

"My stand

"If the garbage men will stipulate in writing that the City and County of Denver shall not pay for the picking up of Garbage after 1949; If the undersigned will have the right thru stipulation in writing signed by the President and Secretary of the Hog Growers Association, to pick up or gather garbage in Block (18 & 19) bordering Broadway and Lincoln Streets, I will then accept $5000.00 as remuneration for damages and distress sustained by myself and family thru the unwarranted activities of Mr. Hansen, The Hog growers Association, and their contemporaries.

"2nd. If the Hog growers Association in writing signed by their president and secretary will agree to permit me to gather garbage in blocks as above stated, without agreeing to gather the City garbage without remuneration, then I shall demand the sum of $25000.00 for the dismissal of this case without Prejudice. *In no event* will I agree to the dismissal of this case *with*

*Prejudice.* In event the above is rejected I shall proceed to trial with proper counsil representing.

                              "P. H. Ferch"

On the reverse side of said instructions it is noted:
"Counsil to get $5000.00 out of the $25000.00
$20000.00 to me.

                              "P. H. F."

Shortly thereafter the attorneys representing Ferch asked leave to withdraw, which was granted by the court, and nearly three months later Ferch appeared by other counsel and, upon notice, filed motion to withdraw his motion for dismissal. Thereupon the Denver Hog Growers Association opposed said motion, setting up the compromise and escrow agreement and the $600.00 loan hereinabove mentioned. After hearing upon said motion the trial court made finding that while plaintiff's suit purported to be a class suit for the benefit of the City and County of Denver and its taxpayers, his objective was in truth to benefit personally by the dismissal of the action, and it ordered that the action by Ferch as an individual be dismissed; that the $5,000.00 fund in escrow be repaid to the Denver Hog Growers Association, and that public notice be given advising taxpayers that upon proper application for substitution as party plaintiff by a qualified taxpayer the suit would be continued, but that if no such application was filed within sixty days, the action would be dismissed.

Thereupon, appearing by other counsel, Ferch petitioned our court for the issuance of a rule to show cause, and for a determination by this court that the judge of the district court in entering its order aforesaid acted in excess of its jurisdiction, abused its discretion and deprived petitioner of his right to prosecute an action. Rule to show cause was issued by us.

The situation here presented is indeed novel. Petitioner, having brought a class action in behalf of all taxpayers and for their benefit, has apparently sought to compromise such action for a substantial sum to be paid,

not to those in whose behalf he sued, but entirely to himself and his attorneys. The Denver Hog Growers Association, while disclaiming any wrongdoing, and not even made a party to the action, rushed in to pay a substantial sum to petitioner, in consideration of the dismissal of the suit involving the legality of the city's garbage contract, under which it collected garbage, and the city attorney, even though representing a subsequent administration, appeared, vigorously opposing the prosecution of this proceeding by plaintiff which challenges a contract in which the city is directly involved.

■ We think the court erred in ordering dismissal of the action. "On the question of how far the court may inquire, in a taxpayer's action, into the motives which induced the plaintiff to institute the proceeding, the rule most generally obtaining is that if the plaintiff, as a citizen and taxpayer, is legally capable of prosecuting the proceeding, and has a clear legal right to the remedy he is seeking, the court must afford him the relief sought, and cannot stop to inquire whether he is moving of his own volition and in his own interests as a taxpayer, or whether he does so in his own interests as an unsuccessful bidder for a municipal contract, or in the interests of such a bidder, or of a public service corporation, or of another community, or for some other ulterior purpose." 52 Am. Jur. 15, §22.

The reason for this rule is obvious. Disinterested citizens are seldom diligent at investigation of the conduct of public officials and often it is only upon disagreement of the parties directly involved and pursuant to selfish desires that the facts of illegal or improper contracts are brought to light.

We are not here called upon to determine the right of Ferch or his counsel to appropriate to their own use monies received in compromise of such a suit, as the compromise has failed. We are not called upon to determine the right to control a taxpayer's suit where intervening plaintiffs appear. Had some other qualified

plaintiff sought to intervene and had disagreed with plaintiff as to the conduct of the action, the court might well have relegated the conduct of the action to such intervening plaintiff, but no such citizen intervened. We are not called upon to determine whether ultimately the conduct and termination of the suit may be such as to conclude others who may properly be concerned. We express no opinion nor inference as to the merits of the case. Only do we determine that for lack of a disinterested plaintiff, the prevailing rule should be followed and plaintiff appearing in the cause be permitted, regardless of his selfish interest, to continue his action and thereby, peradventure, permit investigation and determination of the legality of the city contract involved. Issuance of the rule here involved does not require us to control the discretion of the trial court, nor to review the exercise of its discretion, but rather to call upon that tribunal to hear and determine the cause which, as we think, has been presented properly to it for determination.

Let the rule be made absolute.

MR. JUSTICE MOORE dissents.

MR. JUSTICE HAYS does not participate.