No. 20,165.

CITY AND COUNTY OF DENVER, ET AL., *v.* ATHMAR PARK BUILDING CO.

(378 P. [2d] 638)

Decided February 4, 1963.

Mr. ROBERT S. WHAM, City Attorney, Mr. W. KEITH PETERSON, Assistant, for plaintiffs in error.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE judgment here for review is concerned with an ad valorem tax refund granted to the defendant in error by the district court. The parties appear in reverse order of their appearance in the trial court, where the City and County of Denver was defendant and Athmar Park Building Co. was plaintiff. They will be referred to here as the city and as Athmar.

The record discloses that Athmar purchased the property in question in 1954 and subsequently constructed a shopping center thereon. The first assessment for ad valorem taxes was made in 1955 by the city. Upon receiving the assessment Athmar filed a protest. A small reduction in valuation ($4,070.00), which recognized only part of the protest, was granted, based on the assessor's admitted error concerning the type of wall construction. Athmar was not satisfied with this partial adjustment so paid the tax by check marked "paid under protest." The primary basis of Athmar's dissatisfaction was the assessor's refusal to take into consideration the question of economic obsolescence of two new buildings located on the shopping center land.

In the years 1956, 1957, and 1958 Athmar continued to pay its tax, but each time marked its checks "paid under protest." In 1959 Athmar again renewed its written protest, following which the assessor decreased the valuation by $64,200.00, due to several additional

admitted errors in valuation. He also made an allowance for obsolescence. As a result Athmar immediately sought a refund on the basis of the adjusted valuation for the years 1955, 1956, 1957 and 1958. The request was denied by the assessor and appeal taken to the Board of Equalization which denied further relief.

In April 1960 Athmar instituted its action in the Denver district court under 1960 Perm. Supp., C.R.S., section 137-12-15 (2) seeking refund of $13,946.00 for allegedly excess taxes paid under protest for the years 1955 through 1958. Trial was to the court which found for Athmar and awarded judgment of $13,946.00.

The question to be determined on this writ of error is whether Athmar's action was properly brought under 1960 Perm. Supp., C.R.S., section 137-12-15 (2) with the alternative right to sue under C.R.S. '53, 137-3-38, or, as the city maintains, should Athmar have pursued its remedies solely under 137-3-38?

1960 Perm. Supp., C.R.S., section 137-12-15 (2) provides in pertinent part as follows:

"(2) In all cases where any person shall pay any tax, interest, penalty, or other charge, or any portion thereof, which thereafter shall be found to be erroneous or illegal, whether the same be due to erroneous assessment, to improper or irregular levying of the tax, or to clerical or other errors or irregularities, the board of county commissioners or other body authorized to levy county taxes, shall refund the same without abatement or discount to the taxpayer."

C.R.S. '53, 137-3-38 states in pertinent part:

"In all cases where the prayer of such petitioner be denied, in whole or in part, by the county board of equalization, the petitioner may appeal from the decision of the board to the district court of the county wherein said property is assessed. * * * ."

Athmar's contention that it has alternative rights to pursue its relief in an alleged over-assessment case was

fully answered by this court in *Simmons v. Commissioners,* 146 Colo. 392, 361 P. (2d) 769, (1961), citing *Miller v. Commissioners,* 92 Colo. 425, 21 P. (2d) 714 (1933) where it was said that: " * * * since said sections * * * were both portions of the same act, passed at the special session of the General Assembly of 1902, it could not have been the intent of the Legislature to provide two methods of procedure for the same wrong, growing out of the same facts; * * * ."

Thus Athmar must stand or fall within the terms of 1960 Perm. Supp., C.R.S., section 137-12-15 (2) under which it sought relief. In *Simmons,* supra, it was also stated that in order to come within the terms of this statute a taxpayer must show that the tax was more than an over-assessment, that it was either illegal or invalid. See also *Northcutt v. Burton,* 127 Colo. 145, 254 P. (2d) 1013 (1953), *Weidenhaft v. Commissioners,* 131 Colo. 432, 283 P. (2d) 164 (1955). In the latter case the court said in pertinent part referring to what is now 1960 Perm. Supp., C.R.S., section 137-12-15 (2):

"In passing, attention should be called to the well-established rule that where one attempts to maintain a proceeding for a tax refund pursuant to the statute above cited, he has the burden of showing that the tax was illegally laid, is erroneous in its entirety, and incapable of adjustment. If the property be assessed too high, or illegally assessed because of error capable of adjustment, then the administrative remedies must be pursued."

■ The facts here do not show illegality or invalidity. What they do show is the assessor's initial over-valuation of property based on his then judgment as to type of construction. His initial refusal to allow for obsolescence on new constructions certainly cannot be termed either illegal or invalid.

■ Every time an assessor finds that a new adjustment in value is indicated it is neither realistic nor

required to say that taxes for prior years, even if paid under protest, must be refunded when no action was brought as required by C.R.S. '53, 137-3-38, otherwise there could be no certainty in tax revenues to operate the government. By the same token it would be as untenable to urge that a prior year's tax should be increased due to a later increase in valuation. The general rule is that each tax year is treated as a separate entity with the amount of the tax resting on the value of the property as it exists in that year. See *United New Jersey R. & Canal Co. v. State Board of Taxes and Assessment, et al.,* 101 N.J.L. 303, 128 A. 427 (1925), and *People ex rel Hilton v. Fahrenkopf,* 279 N.Y. 49, 17 N.E. (2d) 765 (1938).

Athmar's remedy was to protest to the assessor each year and if denied relief to go before the Board of Equalization each year claiming improper assessment, and if again denied to follow with the necessary court action under C.R.S. '53, 137-3-38.

The trial court was in error in finding Athmar entitled to relief. The judgment is reversed and the cause remanded with directions to dismiss the complaint.

MR. JUSTICE MOORE not participating.