585 P.2d 315 (1978)
Martha DAVISON and Mark B. Curry, Jr., as taxpayers of Park County on relation of the Board of County Commissioners of Park County, and on relation of the People of the State of Colorado, and on relation of the People of Park County, and Individually and as representatives of other real property owners and taxpayers in Park County, State of Colorado, Plaintiffs-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, John R. Klein, County Assessor of Park County, Robert D. Gollan, Paul Imboden, James T. McDowell, Howard E. Baker, William H. Hoover, Valuation Associates, Inc., a corporation, John D. Such, John K. Garstka, Dennis Shanahan and Morris J. Stimson, Defendants-Appellees, and
State of Colorado, Office of Division of Property Taxation, Third-Party Defendant-Appellee.
No. 77-423.
Colorado Court of Appeals, Div. III.
September 28, 1978.
*316 Thomas R. Lefly, Lakewood, Samuel L. McClaren, Denver, for plaintiffs-appellants.
Mack Witty, Salida, for defendants-appellees.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Billy Shuman, Sp. Asst. Atty. Gen., General Legal Services Section, Denver, for third-party defendant-appellee.
RULAND, Judge.
Martha Davison and Mark B. Curry, Jr., individually and on behalf of a class of persons similarly situated (the taxpayers), appeal from a judgment of the district court dismissing their complaint against the Park County Board of Commissioners, the commissioners individually, the county assessor, Valuation Associates, Inc., and certain employees of Valuation. We affirm in part and reverse in part.
The allegations of the complaint indicate that in 1973 the Board entered into various contracts with Valuation. According to the complaint, the contracts provided that Valuation would reappraise the property in Park County, without direction from or supervision by the Park County Assessor, John R. Klein. In 1975, pursuant to the reappraisal, notices of increased valuation were sent to Park County real property owners.
The taxpayers commenced this action seeking, inter alia, (1) a declaration that the contracts between the Board and Valuation were ultra vires and void; (2) a declaration that the notices of increased valuation based upon the subject reappraisals were void; (3) a declaration that the real property taxes, based upon those notices, were void; (4) an abatement or refund of the taxes; and (5) judgment on behalf of the County against the commissioners, Valuation, and Hartford Insurance Co. (as surety on bonds executed by the commissioners) for all sums allegedly misappropriated in the reappraisal program. The State of Colorado, Office of Division of Property Taxation, was joined as a third-party defendant because the commissioners asserted that the reappraisals were performed pursuant to directives from the State.
On motion of Hartford Insurance Co., the trial court granted a summary judgment in its favor on the taxpayers' claim that Hartford was liable for the alleged misappropriation of funds by the commissioners in contracting for the reappraisals by Valuation. During the hearing on Hartford's motion, and pursuant to oral motion, the trial court dismissed the remaining claims asserted in the complaint, and consequently the third-party complaint, ruling, inter alia, that the taxpayers had failed to exhaust their administrative remedies.

I. Procedural Issues
Relying upon C.R.C.P. 7(b)(1), the taxpayers contend that the trial court erred in considering the motion to dismiss because it was made orally during the hearing on Hartford's motion for summary judgment. However, a written motion to dismiss had been made some fourteen months earlier giving the taxpayers notice that their pleadings were contested, and the taxpayers have failed to demonstrate any prejudice from the court's decision to proceed with a hearing on the motion to dismiss at the same time it considered Hartford's motion. Thus, we find this contention to be without merit.
We have also considered, and find to be without merit, the contention of the State *317 that, as to it, the appeal should be dismissed because the Board failed to file a notice of appeal contesting dismissal of the Board's third-party complaint against the State. The third-party complaint was dismissed pursuant to the same order which dismissed the complaint, and for the same reason. The Board appears seeking to sustain the judgment dismissing both complaints. Thus, no notice of appeal was necessary.

II. Exhaustion of Administrative Remedies
The taxpayers first contend that the trial court erred in concluding that they must exhaust their administrative remedies prior to instituting this action to set aside the assessments. The taxpayers urge that there are no adequate administrative remedies. However, we conclude that the trial court's ruling was correct.
The procedures for obtaining relief from an illegal levy of taxes are detailed in §§ 39-1-113 and XX-XX-XXX, C.R.S.1973. These remedial statutes specifically provide for administrative review "[i]f taxes have been levied erroneously or illegally," (emphasis added), § 39-10-114, C.R.S.1973, and for "abatement or refund of taxes erroneously or illegally levied" (emphasis added), § 39-1-113, C.R.S.1973. The remedies contained in these statutes are complete and adequate. See Lamm v. Barber, Colo., 565 P.2d 538 (1977). Thus, prior to commencing suit on the illegal taxation issues, the taxpayers were required to exhaust the administrative remedies detailed in those sections. See Denver v. Athmar Park Building Co., 151 Colo. 424, 378 P.2d 638 (1963).
Nor can the declaratory judgment procedure, which the taxpayers seek to invoke here, be used to circumvent the statutory remedies. Hays v. Denver, 127 Colo. 154, 254 P.2d 860 (1953).
In the alternative, the taxpayers contend that because they filed this suit as a class action, there need be no exhaustion of administrative remedies. This contention lacks merit.
While certification of a suit as a class action may in some circumstances permit a court to act even though administrative remedies have not been exhausted, see, e. g., Hamilton v. Denver, 176 Colo. 6, 490 P.2d 1289 (1971), we find no justification for application of that concept here. Judicial review, absent an exhaustion of administrative remedies, has been particularly disfavored in tax cases. See People ex rel. State Board of Equalization v. Hively, 139 Colo. 49, 336 P.2d 721 (1959); People ex rel. Hinkley v. Maytag, 121 Colo. 446, 218 P.2d 512 (1950). This is because the county and state are deprived of revenues while the case is pending, see Palmer v. Perkins, 119 Colo. 533, 205 P.2d 785 (1949), and this rationale has been applied to a class action brought by taxpayers claiming their property was assessed too high. See Hays, supra; see generally First National Bank v. Patterson, 65 Colo. 166, 176 P. 498 (1918).

III. Misappropriation of Funds
An action for misappropriation of public funds is distinct from an action alleging an illegal levy of taxes. Pursuant to § 30-10-311, C.R.S.1973, each county commissioner is required to execute a bond insuring, inter alia, that he will not misappropriate or permit misappropriation of any county funds. Upon breach of the conditions of that bond "any taxpayer of the county ... may institute an action in any court in such county ... against the principal and sureties upon such bond. . . ." Section 30-10-316, C.R.S.1973; Buckmaster v. Williams, 72 Colo. 593, 212 P. 977 (1923). However, in granting Hartford's motion for summary judgment, the trial court ruled that the surety was not liable under the terms of the bond because, under the facts adduced in the various affidavits and the holding in Morris v. Board of County Commissioners, 25 Colo.App. 416, 139 P. 582 (1914), the commissioners could not be found guilty of misappropriation. This ruling was not appealed, and thus it is conclusive as to the commissioners' liability for misappropriation of funds. See Massachusetts Bonding & Insurance Co. v. Central Finance Corp., 124 Colo. 379, 237 P.2d 1079 (1951).
The taxpayers urge that the trial court erred in dismissing their claims for misappropriation against Valuation. We agree.
*318 Individual taxpayers may bring an action to recover monies paid on allegedly illegal contracts, see Kingsley v. Denver, 126 Colo. 194, 247 P.2d 805 (1952); Ferch v. District Court, 123 Colo. 262, 227 P.2d 997 (1951); and, under some circumstances, persons in receipt of those funds may be required to reimburse the county. See School District No. 46 v. Johnson, 26 Colo.App. 433, 143 P. 264 (1914); 15 E. McQuillin, Municipal Corporations § 39.37; see generally Normandy Estates Metropolitan Recreation District v. Normandy Estates, Ltd., Colo., 553 P.2d 386 (1976).
Because of our resolution of the foregoing issues, we do not reach the taxpayers' remaining contentions.
That part of the judgment dismissing the taxpayers' claim for illegal assessment of taxes and for reimbursement from the individual commissioners is affirmed, the balance of the judgment is reversed, and the cause remanded with directions to reinstate the taxpayers' complaint against Valuation and its employees and for further proceedings consistent with the views expressed in this opinion.
PIERCE and VanCISE, JJ., concur.